UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RANDICK,
DENNIS AGUIRRE, and
WAYNE COFFELL,

       Plaintiffs/Counter-Defendants,

v.

       Civil Case No. 20-11793
       Honorable Linda V. Parker

RICHARD J. SAWHILL,
JAMES BUZZIE, and
CHRIS VLK,

       Defendants/Counter-Plaintiffs,
_____/

CHRIS VLK, JAMES BUZZIE, and
RICHARD J. SAWHILL,

       Plaintiffs,

v.

       Civil Case No. 20-13274
       Honorable Linda V. Parker

MICHAEL RANDICK, DENNIS AGUIRRE,
WAYNE COFFELL, ASHERKELLY PLLC, and
MICHAEL J. ASHER,

       Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE PENDING MOTIONS AND DIRECTING PARTIES TO PROCEED WITH MEDIATION**

These related actions arise from a dispute between trustees who jointly administer multi-employer and union pension and welfare benefit plans associated with the Iron Workers' Local No. 25 Union: (a) Michael Randick, Dennis Aguirre, and Wayne Coffell, who are the three trustees appointed by the union ("Labor Trustees"); and (b) Richard

Sawhill, James Buzzie, and Chris Vlk, who are the three trustees appointed by the employers ("Management Trustees").

In a nutshell, both cases present a dispute between the Labor Trustees and Management Trustees as to whether AsherKelly PLLC, including partner Michael Asher (collectively "AsherKelly"), should be or may be retained as co-counsel—either to represent the Labor Trustees, only, or all trustees in a joint counsel relationship with counsel selected by the Management Trustees. The Labor Trustees and Management Trustees presented separate motions to the joint Board of Trustees addressing this dispute and those motions allegedly are deadlocked and therefore subject to arbitration under the terms of the relevant trust agreements. In the lawsuit initiated by the Management Trustees (Civil Case No. 20-13274), the Management Trustees allege that the Labor Trustees and AsherKelly breached their fiduciary duties to the trusts and, therefore, AsherKelly should not be allowed to serve as counsel in any capacity in connection with the trusts.

The parties have filed motions in both cases, which are fully briefed and are currently pending before the Court.[1] Having reviewed the parties' filings, including the materials attached thereto and the relevant law, the Court believes that mediation may

---

[1] In 20-11793, the pending motions are: (i) the Management Trustees' motion for summary judgment (ECF No. 29); and (ii) the Labor Trustees motion for judgment (ECF No. 31). In 20-13274, the pending motions are: (i) AsherKelly's motion to dismiss (ECF No. 25); (ii) the Labor Trustees' motion to dismiss (ECF No. 26); and (iii) the Labor Trustees' motion for preliminary injunction (ECF No. 35).

offer the most efficient and comprehensive resolution of the parties' disagreements. The Court further believes that the trusts would be best served by resolving these matters through mediation, as opposed to continued litigation. The Court shared its view with counsel for the parties at a telephonic status conference on January 21, 2022. All sides agreed to try and resolve this litigation through mediation. The parties further agreed to have former United States District Judge Gerald E. Rosen serve as the mediator, which was consistent with their previously expressed agreement to have Judge Rosen arbitrate any motions this Court found deadlocked and subject to arbitration.

Accordingly, the Court is denying without prejudice the pending motions. The termination of the motions is not a ruling on the merits of either side's claims or defenses. If the parties are unable to resolve the issues raised in these lawsuits through mediation, they may move to vacate this order and the Court will decide the pending motions forthwith. If Judge Rosen is unavailable to serve as the mediator,[2] the parties shall meet and confer to try and select an alternative mediator and inform the Court of the outcome of their discussions.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 24, 2022

---

[2] This includes Judge's Rosen's inability to schedule a mediation within the time period preferred by any party.

3