UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RANDICK,
DENNIS AGUIRRE, and
WAYNE COFFELL,

        Plaintiffs/Counter-Defendants,

                                          Case No. 20-cv-11793

v.                                        Honorable Linda V. Parker

RICHARD J. SAWHILL,
JAMES BUZZIE, and
CHRIS VLK,

        Defendants/Counter-Plaintiffs,
_____/

CHRIS VLK, JAMES BUZZIE, and
RICHARD J. SAWHILL,

        Plaintiffs,

                                          Case No. 20-cv-13274

v.                                        Honorable Linda V. Parker

MICHAEL RANDICK, DENNIS AGUIRRE,
WAYNE COFFELL, ASHERKELLY PLLC, and
MICHAEL J. ASHER,

        Defendants.
_____/

## ORDER DISMISSING MATTERS WITHOUT PREJUDICE

      These related actions arise from a dispute between two groups of trustees: the

"Labor Trustees" and the "Management Trustees" (collectively "Trustees").  The

Trustees jointly administer multi-employer and union pension and welfare benefit plans

associated with the Iron Workers' Local No. 25 Union.  The dispute concerns whether

AsherKelly PLLC should or may be retained to represent the Labor Trustees, only, or all trustees in a co-counsel relationship with counsel selected by the Management Trustees.

The Labor Trustees and the Management Trustees presented separate motions to the Joint Board of Trustees concerning this dispute. Those motions allegedly deadlocked and, as a result, are subject to arbitration under the terms of the relevant trust agreements. The Labor Trustees therefore filed one lawsuit, Case No. 20-cv-11793, asking the Court to appoint an impartial umpire to resolve the dispute. The Management Trustees then filed a second lawsuit, Case No. 20-cv-13274, alleging that the Labor Trustees and AsherKelly breached their fiduciary duties to the trusts and, therefore, AsherKelly should not be allowed to serve as counsel in any capacity in connection with the trusts. As the Management Trustees' claims focus on the selection of counsel, which is an administrative issue over which the parties are deadlocked, it too is subject to arbitration.

Therefore, the Court conferred with the Trustees and suggested that an immediate referral for mediation may offer the most efficient and comprehensive resolution of their disagreements. The Trustees agreed and identified former United States District Judge Gerald E. Rosen as the mediator. On January 24, 2022, the Court issued a decision directing the parties to arbitration.

More than two years later, the parties are still working with Judge Rosen, although they have not yet reached a full resolution of their dispute. The Court has requested periodic updates and is told that progress has been made and efforts at a full resolution continue. There is no benefit, however, to keeping this action pending in the interim. The Trustees have confirmed that there is no prejudice to them if the matter is closed. If

the mediation fails to resolve the issues raised in these lawsuits, the Trustees, jointly or

independently, can move to reopen them.

Accordingly,

**IT IS ORDERED** that the Complaints in the above-captioned matters are

**DISMISSED WITHOUT PREJUDICE**, and a party may move to reopen either or both

matters if the mediation fails to successfully resolve the issues presented in the pleadings.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: March 18, 2024

3